**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------X
NATHANIEL C. HARRIS,

                Plaintiff

    -against-

TOWN OF ISLIP HOUSING AUTHORITY,
RICHARD ALBANESE, an employee of TOWN
OF ISLIP HOUSING AUTHORITY, SUFFOLK
COUNTY POLICE DEPARTMENT, THE
DEPARTMENT OF HOUSING AND URBAN
DEVELOPMENT ("HUD"), and MIGUEL
COLLAZO, a Special Agent of the
DEPARTMENT OF HOUSING AND URBAN
DEVELOPMENT ("HUD"),

                Defendants.
---------------------------------------------------------X

**MEMORANDUM OF DECISION AND ORDER**
10-CV-0843(ADS)(GRB)

**APPEARANCES**

**Stewart Lee Karlin, Esq.**
*Attorney for Plaintiff*
9 Murray Street, Suite 4W
New York, NY 10007

**Miranda Sambursky Slone Sklarin Verveniotis, LLP**
*Attorneys for Town of Islip Housing Authority and Richard Albanese*
240 Mineola Boulevard
Mineola, NY 11501
       By: Michael A. Miranda, Esq. & Kelly C. Spina, Esq., Of Counsel

**Christine Malafi, County Attorney for Suffolk County**
*Attorneys for Suffolk County Police Department*
H. Lee. Dennison Building
100 Veterans Memorial Highway
Hauppauge, NY 11788
       By: Arlene S. Zwilling, Assistant County Attorney

**Loretta A. Lynch, United States Attorney**
**for the Eastern District of New York**
*Attorneys for the Department of Housing and Urban Development*
610 Federal Plaza
Central Islip, NY 11722
       By: James Halleron Knapp, Assistant United States Attorney

**SPATT, District Judge**

The plaintiff, Nathaniel C. Harris ("Harris" or "the Plaintiff") commenced this action against the Town of Islip Housing Authority ("Housing Authority"), Richard Albanese as an employee of the Town of Islip Housing Authority ("Albanese" and together with the Housing Authority the "Town Defendants"), the Suffolk County Police Department ("the SCPD"), the Department of Housing and Urban Development ("HUD") and Miguel Collazo as a Special Agent of HUD ("Collazo" and together with HUD "the Federal Defendants"), seeking money damages for false arrest, malicious prosecution and negligence.

Presently before the Court is: (1) a motion by the SCPD pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 12(b)(6) to dismiss the complaint as time-barred by the statute of limitations; and (2) the Plaintiff's response to an order to show cause issued by the Court addressing whether the negligence claims should be dismissed against the Town Defendants. For the reasons that follow, the Court: (1) dismisses the complaint in its entirety as against the SCPD with prejudice; (2) dismisses the negligence claim and therefore the complaint in its entirety as against Richard Albanese; and (3) orders the Plaintiff to show cause why the negligence claim should not be dismissed as against the Housing Authority as a matter of law.

## I. BACKGROUND

### A. Factual Background

On September 9, 2005, following an investigation into the alleged unlawful receipt of housing benefits by the Plaintiff, Nathanial C. Harris, he was arrested and subsequently indicted on one count of Grand Larceny in the Second Degree in violation

2

of Section 115.40(1) of the Penal Law of the State of New York. Harris was released from custody on an unspecified date and, on October 17, 2008, the charges against Harris were dismissed.

On January 15, 2009, Harris served a notice of claim on the Town Defendants and the County ("the Notice of Claim"). On July 31, 2009, Harris brought a motion in the Supreme Court of the State of New York, Suffolk County to serve an amended and late notice of claim on the Federal Defendants. In a decision dated August 31, 2009, the court denied Harris' motion. See Harris v. Town of Islip Housing Authority, Index. No. 29920-09 (Sup. Ct. Suffolk Cnty. Aug. 31, 2009).

On February 1, 2010, Harris filed a summons and complaint in the Supreme Court of the State of New York, Suffolk County. Although Harris does not clearly articulate his causes of action, construing the complaint liberally and making all inferences in Harris' favor, the Court finds that Harris sets forth claims for false arrest, malicious prosecution, and negligence. Based on these allegations, Harris seeks damages for emotional distress and financial harm he allegedly incurred when he was placed on unpaid suspension from his employment during the pendency of the criminal proceedings. On February 25, 2010, HUD removed the case to this Court.

**B. The Motion to Dismiss**

On August 9, 2011, the Town Defendants filed a motion pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss Harris' claims against them as time-barred by the statute of limitations.

On November 14, 2011, the Court issued an order granting a motion by the Town Defendants to dismiss the false arrest and malicious prosecution claims against them as

time-barred.  See Harris v. Town of Islip Housing Authority ("Harris I"), No. 10-CV-843, 2011 WL 5822248 (E.D.N.Y. Nov. 14, 2011).  In particular, the Court held that the applicable statute of limitations period for false arrest and malicious prosecution claims against a housing authority and its employees was governed generally by the one year statute of limitations in N.Y. CPLR 215(3).  However, a that a provision in Housing Law § 157(1) provided an additional thirty day tolling period to only those claims directly asserted against the Housing Authority.

For the purposes of the motion, the Court held that the accrual date for the Plaintiff's intentional tort causes of action was October 17, 2008—the date the charges against the Plaintiff were dismissed—although the Court noted that the false arrest accrual date—the date that his confinement terminated—was in all likelihood substantially earlier than October 17, 2008.  See Harris I, 2011 WL 5822248, at *4.  In addition, the Court held that the limitations period was not tolled during the pendency of the Plaintiff's motion to file an amended and late notice of claim on the Federal Defendants.  See id., at * 3.  Thus, applying the one year statute of limitations period as against Richard Albanese, and the one year and thirty day limitations period as against the Housing Authority, the Court held that the false arrest and malicious prosecution claims against the Town Defendants were time-barred and dismissed them with prejudice.  Id., at *4.

With respect to the Plaintiff's negligence claims, the Town Defendants sought the dismissal of the negligence cause of action on the ground that the Plaintiff did not file a notice of claim against them with respect to the negligence allegation.  The Plaintiff did not address this contention, and the Court did not have a copy of the notice of claim to

4

verify this representation. Therefore, the Court denied the Town Defendant's motion to dismiss the negligence claim without prejudice and afforded the Plaintiff twenty days from the date of the order to either: (1) voluntarily dismiss the negligence cause of action or (2) to show cause as to why the Court should not dismiss the negligence claim for failure to file a timely notice of claim.

### C. The Instant Motions

On November 15, 2011, the Suffolk County Police Department submitted a letter motion to the Court contending that, because the false arrest and malicious prosecution claims against it were similarly subject to a one year and ninety day statute of limitations, the Court's rationale for dismissing the causes of action against the Town Defendants in the Order was equally applicable to the Suffolk County Police Department. (Docket Entry # 36.)

On December 1, 2011, the Plaintiff responded to the Court's order to show cause, arguing that, although there was no technical allegation of negligence in the notice of claim, because the Plaintiff filed the notice of claim *pro se*, it should be liberally construed to include an allegation of negligence. (Docket Entry # 39.) In addition, also on December 1, 2011, the Plaintiff submitted an Affirmation of Attorney Stewart Karlin opposing the SCPD's letter motion to dismiss. The Plaintiff argues that the Court's decision in Harris I addressed the applicable statute of limitations for claims against a housing authority, and since the SCPD is not a housing authority, the Court's Order was not applicable to the SCPD's claims. (Docket Entry # 40.)

On December 16, 2011, the Town Defendants submitted an opposition to the Plaintiff's December 1, 2011 submission disputing that the notice of claim could be

5

construed to include a negligence claim and further arguing that the Court should: (1) dismiss the negligence cause of action as against Richard Albanese because, as an individual and not a housing authority, the negligence claim against him was subject to a one year and ninety day, rather than a one-year and 120 days statute of limitations, and therefore is time-barred; and (2) dismiss the negligence cause of action as against all of the Town Defendants because a plaintiff may not advance a negligence claim based upon the same facts and circumstances supporting a false arrest and/or malicious prosecution claim. (Docket Entry # 46.)

## II. DISCUSSION

### A. SCPD's Letter Motion to Dismiss

Although the Court normally does not accept letter motions, the Court finds that requiring a full round of briefing is unnecessary to resolve the SCPD's motion because the Court finds that its analysis in Harris I is applicable to the claims against the SCPD and therefore all claims against the SCPD should be dismissed as time-barred.

As an initial matter, the Court notes that the SCPD is an administrative arm of Suffolk County, and therefore is not independently amenable to suit. See, e.g., Gallo v. Suffolk County Police Dep't., 360 F. Supp. 2d 502, 505 n.1 (E.D.N.Y. 2005). However, even assuming the Plaintiff substituted Suffolk County as a defendant, any claims presently asserted against the SCPD when asserted against Suffolk County would be time-barred because Suffolk County is a municipality, and therefore claims of negligence, false arrest and malicious prosecution are governed by New York General Municipal Law § 50-i ("section 50-i").

Generally, under New York law, the applicable statute of limitations period for intentional tort claims is one year, see N.Y. CPLR 215(3), and the applicable statute of limitations for negligence claims is three years, see N.Y. CPLR 214(5). However, section 50-i creates an exception to the statutes of limitations in CPLR §§ 214 and 215 for certain negligent and intentional torts committed by a "city, county, town, village, fire district or school district or of any officer, agent or employee thereof". N.Y. Gen. Mun. L. § 50-i(a). This exception imposes a statute of limitations period of one year and ninety days. Id.

As the Court held in Harris I, the limitations period was not tolled during the pendency of the Plaintiff's motion to file an amended and late notice of claim on the Federal Defendants. 2011 WL 5822248, at *3. Thus, because, at the latest, the Plaintiff's claims against the SCPD accrued on October 17, 2008, and the complaint in this action was filed more than a year and ninety days later on February 1, 2010, the Plaintiff's negligence, false arrest and malicious prosecution claims are time-barred and the complaint against the SCPD is dismissed in its entirety.

## B. As to the Negligence Claims Against Richard Albanese

As an employee of the Housing Authority, negligence claims against Richard Albanese are governed by the one year and ninety day statute of limitations set forth in New York Public Housing Law ("Housing Law") § 157(2). As the Court noted in Harris I, pursuant to Housing Law § 157(1), "Courts typically extend the statute of limitations by 30 days for claims against a housing authority, but not housing authority employees". 2011 WL 5822248, at *3 (emphasis added). Thus, regardless of whether it was included

in the notice of claim, the negligence claim against Richard Albanese is time-barred and therefore the complaint against Richard Albanese is dismissed in its entirety.

**C.  As to the Negligence Claims Against the Housing Authority**

Finally, with respect to the Housing Authority, because there is a thirty day tolling provision in Housing Law § 157(1), the applicable statute of limitations for negligence claims against a Housing Authority is one year and 120 days.  Thus, assuming that:  (1) a negligence claim is cognizable under New York law; (2) negligence was included in the notice of claim; and (3) the negligence cause of action accrued on October 17, 2008, then a negligence claim filed against the Housing Authority on February 1, 2010 would be timely and actionable.  However, as set forth below, because the Court finds that a negligence action cannot be maintained against the Housing Authority as a matter of law, the Court does not need to reach the second and third requirements for stating a negligence claim.

The negligence claims against the Housing Authority in this case are not the type of allegations typically asserted against a Housing Authority—e.g., that the Housing Authority was negligent in adequately maintaining a building.  See, e.g., Rivera v. City of New York, 90 A.D.3d 735, 735, 934 N.Y.S.2d 456, 457 (2d Dep't 2011) ("The plaintiff commenced this action against the New York City Housing Authority (hereinafter the NYCHA) and the City of New York alleging that, as the owner or operator of the building, each was negligent in failing to adequately secure the building."); Henry v. New York City Housing Authority, 932 N.Y.S.2d 760 (Table), 2011 WL 2201224, at * 1 (N.Y. Sup. Ct. May 23, 2011) (seeking damages from the New York Housing Authority under a theory of negligence for injuries sustained in a fire that the plaintiff alleged "were

a direct result of the lack of working smoke detectors, smoke alarms, sprinkler system, fire escape, fire detectors and/or fireguards, flame retardant materials in the Subject Apartment owned, operated, maintained, controlled, supervised, inspected and repaired by defendant NYCHA"). Rather, in the complaint, the Plaintiff alleges the following:

> "As a direct result, of the defendant's careless, negligent, reckless investigation the charges against the plaintiff were ultimately dismissed" (Compl., ¶ 23.)
>
> "Upon information and belief, the allegations and/or investigations, and/or criminal charges were careless, negligent, grossly negligent and/or wrongful in their conception, and/or investigation, and/or execution, and/or prosecution and/or were otherwise legally inadequate incomplete or misleading." (Compl., ¶ 24.)

Thus, unlike the typical allegations of negligence against a housing authority, there can be no dispute that the Plaintiff's negligence claim in this case seeks damages based upon the investigation, his arrest, and subsequent prosecution.

"As a matter of public policy a negligence claim arising out of an investigation or prosecution will not be recognized under New York law." Batson–Kirk v. City of New York, No. 07–CV–1950, 2009 WL 1505707, at * 12 (E.D.N.Y. May 28, 2009) (internal quotation marks and citation omitted); Greer v. Nat'l Grid, 89 A.D.3d 1059, 1060, 934 N.Y.S.2d 427, 428 (2d Dep't 2011) ("[A]llegations of negligence do not support a malicious prosecution cause of action and, as a matter of public policy, New York does not recognize a cause of action to recover damages for negligent prosecution.") (internal citations omitted); Johnson v. Kings County District Attorney's Office, 308 A.D.2d 278, 284, 763 N.Y.S.2d 635, 640 (2d Dep't 2003) ("It is well settled that New York courts do not recognize claims for negligent or malicious investigation."); see also Bernard v. United States, 25 F.3d 98, 102 (2d Cir. 1994) ("Under New York law, a plaintiff may not

recover under general negligence principles for a claim that law enforcement officers failed to exercise the appropriate degree of care in effecting an arrest or initiating a prosecution.").

It is a well-settled principle that "[f]or claims seeking damages based upon a purportedly unlawful arrest and prosecution, a plaintiff must resort to the traditional remedies of false imprisonment and malicious prosecution and cannot recover under the broader principles of negligence." Ellis v. Gannon, No. 10-CV-1373, 2011 WL 5513184, at *6 (E.D.N.Y. Nov. 10, 2011) (internal quotation marks and citations omitted); accord McSween v. Edwards, 91 F. Supp. 2d 513, 525 (E.D.N.Y. 2000) ("New York law prohibits recovery under a general theory of negligence when the traditional remedies of false arrest and imprisonment are available." (internal quotations and citations omitted)); Santoro v. Town of Smithtown, 40 A.D.3d 736, 738, 835 N.Y.S.2d 658, 661 (2d Dep't 2007) ("The fifth cause of action alleging gross negligence was properly dismissed because the plaintiffs seek damages for injury resulting from false arrest and detention, and, therefore, they cannot recover under broad general principles of negligence but, instead, must proceed by way of the traditional remedy of false arrest."); Antonious v. Muhammad, 250 A.D.2d 559, 559, 673 N.Y.S.2d 158, 159 (2d Dep't 1998) ("The remaining respondents are entitled to the dismissal of the complaint insofar as asserted against them, as there is no cause of action in the State of New York sounding in negligent prosecution.").

Thus, the Plaintiff cannot resurrect his untimely false arrest and malicious prosecution claims by asserting them in terms of negligent, rather than intentional conduct. Accordingly, the Court finds that the Plaintiff has failed to state a claim for

negligence against the Housing Authority, and need not reach the question of whether the negligence claim was included in the notice of claim or is otherwise timely.

However, because the Court is dismissing the negligence claim against the Housing Authority on a ground that the Plaintiff did not have an opportunity to respond to, the Court will afford the Plaintiff 10 days from the date of this order to either: (1) voluntarily dismiss the negligence claim against the Housing Authority; or (2) show cause as to why the Court should not dismiss the negligence claim against the Housing Authority on the ground that the claim cannot be maintained as a matter of law. An opposition will only be accepted upon request to the Court.

### III. CONCLUSION

Based on the foregoing it is hereby

**ORDERED,** that the SCPD's motion pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss the complaint in its entirety is granted, and it is further

**ORDERED**, that the negligence claim against Richard Albanese is dismissed and therefore, in conjunction with the causes of action dismissed against Albanese in Harris I, the entire complaint against Albanese is dismissed, and it is further,

**ORDERED**, that the Plaintiff is afforded ten days from the date of this order to either: (1) voluntarily dismiss the negligence cause of action against the Housing Authority or (2) show cause as to why the Court should not dismiss the negligence claim against the Housing Authority on the ground that the claim cannot be maintained as a matter of law, and it is further

**ORDERED**, that the Clerk of the Court is respectfully requested to amend the caption of this case as follows:

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
NATHANIEL C. HARRIS,

                    Plaintiff

    -against-

TOWN OF ISLIP HOUSING AUTHORITY,
THE DEPARTMENT OF HOUSING AND URBAN
DEVELOPMENT ("HUD"), and MIGUEL
COLLAZO, a Special Agent of the
DEPARTMENT OF HOUSING AND URBAN
DEVELOPMENT ("HUD"),

                    Defendants.
-----------------------------------------------------------X

**SO ORDERED.**
Dated: Central Islip, New York
April 5, 2012

                                                                   _/s/ Arthur D. Spatt_____
                                                                    ARTHUR D. SPATT
                                                                    United States District Judge