UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
NATHANIEL C. HARRIS,

                        Plaintiff

   -against-

TOWN OF ISLIP HOUSING AUTHORITY,
THE DEPARTMENT OF HOUSING AND URBAN
DEVELOPMENT ("HUD"), and MIGUEL
COLLAZO, a Special Agent of the
DEPARTMENT OF HOUSING AND URBAN
DEVELOPMENT ("HUD"),

                      Defendants.
----------------------------------------------------------X

**MEMORANDUM OF DECISION AND ORDER**
10-CV-0843(ADS)(GRB)

**APPEARANCES**

**Stewart Lee Karlin, Esq.**
*Attorney for Plaintiff*
9 Murray Street, Suite 4W
New York, NY 10007

**Miranda Sambursky Slone Sklarin Verveniotis, LLP**
*Attorneys for Town of Islip Housing Authority*
240 Mineola Boulevard
Mineola, NY 11501
      By: Michael A. Miranda, Esq. & Kelly C. Spina, Esq., Of Counsel

**Loretta A. Lynch, United States Attorney**
**for the Eastern District of New York**
*Attorneys for the Department of Housing and Urban Development*
610 Federal Plaza
Central Islip, NY 11722
      By: James Halleron Knapp, Assistant United States Attorney

**SPATT, District Judge**

The plaintiff, Nathaniel C. Harris ("the Plaintiff") commenced this action against the Town of Islip Housing Authority ("Housing Authority"), Richard Albanese as an employee of the Town of Islip Housing Authority ("Albanese" and together with the Housing Authority the "Town Defendants"), the Suffolk County Police Department ("the SCPD"), the Department of

Housing and Urban Development ("HUD") and Miguel Collazo as a Special Agent of HUD ("Collazo" and together with HUD "the Federal Defendants"), seeking money damages for false arrest, malicious prosecution and negligence.

On November 14, 2011, the Court issued an order granting a motion by the Town Defendants to dismiss the false arrest and malicious prosecution claims against them as time-barred. See Harris v. Town of Islip Housing Authority , 825 F. Supp. 2d 370 (E.D.N.Y. 2011). The Court denied the Town Defendants' motion to dismiss the negligence claim without prejudice and afforded the Plaintiff twenty days from the date of the order to either: (1) voluntarily dismiss the negligence cause of action or (2) to show cause as to why the Court should not dismiss the negligence claim for failure to file a timely notice of claim.

On December 1, 2011, the Plaintiff responded to the Court's order to show cause, arguing that, although there was no technical allegation of negligence in the notice of claim, because the Plaintiff filed the notice of claim *pro se*, it should be liberally construed to include an allegation of negligence. (Docket Entry # 39.)

On April 5, 2012, the Court issued an order: (1) dismissing all claims against the SCPD as time-barred; (2) dismissing the negligence claim against Richard Albanese as time-barred; and (3) dismissing the negligence claim against the Housing Authority because it could not be maintained as a matter of law. See Harris v. Town of Islip Housing Authority, No. 10-CV-843, 2012 WL 1155804 (E.D.N.Y. April 5, 2012).

However, because the Court *sua sponte* determined that the Plaintiff could not maintain a negligence claim against the Housing Authority as a matter of law, the Court afforded the Plaintiff ten days from the date of the order to either: (1) voluntarily dismiss the negligence claim against the Housing Authority; or (2) show cause as to why the Court should not dismiss

2

the negligence claim against the Housing Authority on the ground that the claim cannot be maintained as a matter of law.

To date, the Plaintiff has neither voluntarily dismissed the negligence claim against the Housing Authority, nor shown cause as to why the Court should not dismiss the negligence claim as against the Housing Authority on the ground that the claim cannot be maintained as a matter of law. Thus, because the Plaintiff has not expressed a viable basis for asserting a negligence claim against the Housing Authority, and failed to comply with the Court's order of April 5, 2012, the Court hereby dismisses the negligence claim against the Housing Authority, with prejudice.

The Clerk of the Court is respectfully requested to amend the caption of this case as follows:

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
NATHANIEL C. HARRIS,

                            Plaintiff

    -against-

THE DEPARTMENT OF HOUSING AND URBAN
DEVELOPMENT ("HUD"), and MIGUEL
COLLAZO, a Special Agent of the
DEPARTMENT OF HOUSING AND URBAN
DEVELOPMENT ("HUD"),

                            Defendants.
-----------------------------------------------------------X
**SO ORDERED.**
Dated: Central Islip, New York
May 11, 2012

                                          ____/s/ Arthur D. Spatt___
                                          ARTHUR D. SPATT
                                          United States District Judge